**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Case No.  15-70570-JAD** |
| | : | |
| **ALAN W. DEETERS AND** | : | |
| **MARY E. DEETERS,** | : | **Chapter 13** |
| | : | |
| **DEBTORS.** | : | |
| | X | |
| | : | |
| **ALAN W. DEETERS AND** | : | |
| **MARY E. DEETERS,** | : | **Adversary No. 16-07009-JAD** |
| | : | |
| **PLAINTIFFS,** | : | **Related Document No. 84** |
| | : | |
| **-vs-** | : | **Doc. No.** |
| | : | |
| **WELLS FARGO BANK, N.A. AND** | : | |
| **NORTH AMERICAN MORTGAGE** | : | |
| **COMPANY C/O WASHINGTON** | : | |
| **MUTUAL,** | : | |
| | : | |
| **DEFENDANTS.** | : | |
| | X | |

**<u>MEMORANDUM OPINION</u>**

**I.**

Following argument[1] on competing Motions for Summary Judgment,

and long hours spent by this Court pouring over the Plaintiffs' extensive

filings,[2] as well as those of the Defendant, this Court entered its

*Memorandum Opinion Addressing Defendant Wells Fargo Bank, N.A.'s*

*Motion for Summary Judgment* (ECF No. 81, "Memorandum Opinion").  This

---

[1] A transcript of the argument on the competing Motions for Summary Judgment, held on March 8, 2017 ("Argument"), was obtained by the Court (ECF No. 87, hereafter "Tr.").

[2] Many of Plaintiffs' filings were either duplicative, unauthorized, or just unorganized document dumps.

Court also entered two orders—one granting Defendant's Motion for Summary Judgment (ECF No. 82) and one denying Plaintiffs' Motion for Summary Judgment (ECF No. 83).

Thereafter, the Plaintiffs filed their *Motion for Reconsideration, Alter or Amend Judgment, Involve the U.S. Trustee, Request a Hearing on Expert/Lay Witness Testimony* (ECF No. 84, "Motion for Reconsideration"), to which the Defendant objected (ECF No. 88).  For the reasons set forth below, the Court denies the Motion for Reconsideration.

## II.

The Motion for Reconsideration seeks relief under Fed.R.Civ.P. 52(a)(5), 52(a)(6), 59(e), 60(b)(1), 60(b)(3), and 60(b)(6).  The Court shall address the applicability of these Rules to the case at hand below.

The Court first recognizes that the Motion for Reconsideration makes only one reference, in the opening paragraph, to Fed.R.Civ.P. 52(a)(5) and (6).

Rule 52(a) itself governs "findings of fact . . . by the court." Fed.R.Civ.P. 52(a). As one Federal District Court recently observed: "The court finds facts in cases tried on the facts without a jury or with an advisory jury." Joseph v. Luborsky, No. CV 13-7365 (RBK/JS), 2017 WL 960347, at *1 (D.N.J. Mar. 13, 2017) (quotations omitted).  The matter *sub judice* was decided at the summary judgment stage, and no trial was held.

As such, Rule 52(a)(5) and Rule 52(a)(6) are inapplicable to these proceedings. See Fed.R.Civ.P. 52(a)(3).

The Court recognizes that the Plaintiffs' Motion for Reconsideration is rather confusing or inartful. For purposes of completeness, the Court has therefore examined the applicability of Fed.R.Civ.P. 52(b), which governs amended or additional findings, with respect to the Motion for Reconsideration.

Motions "to amend factual findings under Rule 52(b) are generally not appropriate when the matter was decided on summary judgment, because summary judgment does not entail finding facts." See 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* at § 2582 (3d ed., April 2017) (citing Trentadue v. Integrity Comm., 501 F.3d 1215, 1237 (10th Cir. 2007)).

Again, the Memorandum Opinion was based on this Court's review of the Record,[3] and that material facts were not in dispute. As stated in the Memorandum Opinion, the denial of the Plaintiffs' Motion for Summary Judgment was rendered after the Court concluded that the Plaintiffs failed to present evidence sufficient to permit a reasonable jury to return a verdict in favor of the Plaintiffs. See Memorandum Opinion, pp. 16, 19, 20, 25-26. As such, the Plaintiffs' request for relief under Fed.R.Civ.P. 52 must be denied because the disposition of this case was by way of pre-trial motion

---

[3] "Record" refers to all proceedings and filings in this Adversary Proceeding prior to the Motion for Reconsideration.

pursuant to which the Court did not make findings of fact, and the Plaintiffs failed to explain why they are entitled to relief under Fed.R.Civ.P. 52.

As for the remainder of the Motion for Reconsideration, it is considered pursuant to either Fed.R.Civ.P. 59(e) or 60(b), made applicable to bankruptcy cases by Fed.R.Bankr.P. 9023 and 9024.  See Chaney v. Grigg (In re Grigg), No. 12-7008-JAD, 2013 WL 5310207, at *1, 2013 Bankr. LEXIS 3983, at *4 (Bankr. W.D. Pa. Sept. 20, 2013).

Preliminarily, this Court notes that a proper Rule 59(e) motion may only be based on one of three grounds:  (1) the existence of new evidence not previously available; (2) an intervening change in the controlling law; or (3) to correct a clear error of law or prevent a manifest injustice.  Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013).

In addition, Plaintiffs request relief pursuant to Fed.R.Civ.P. 60(b)(1), 60(b)(2), 60(b)(3), and 60(b)(6).  These rules state, in pertinent part, as follows:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4

. . . or

(6) any other reason that justifies relief.

It is well settled that a motion for reconsideration seeks an extraordinary remedy that upsets the finality of a decision and therefore should be granted only sparingly.  See In re Syntax-Brillian Corp., 551 B.R. 156, 160 (Bankr. D. Del. 2016) (citing Plisco v. Union R.R. Co., 379 F.2d 15, 16 (3d Cir. 1967)), Chaney v. Grigg (In re Grigg), 2013 WL 5310207, at *3, and In re Tribune Co., 464 B.R. 208, 213 (Bankr. D. Del. 2011)).  "A movant 'bears a heavy burden' in showing that relief is appropriate under Rule 60.  Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (citation omitted)."  In re Syntax-Brillian Corp., 551 B.R. 156, 160 (Bankr. D. Del. 2016).

> Although the text of Rule 60(b)(6) states simply that a court may grant relief from a final judgment for "any other reason that justifies relief," courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of "extraordinary circumstances" that justify reopening the judgment.  See, e.g., Crosby, 545 U.S. at 535-36 (citing Ackermann, 340 U.S. at 199); Coltec Indus. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (quoting In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988)).  This requirement exists in order to balance the broad language of Rule 60(b)(6), which allows courts to set aside judgments for "any" reason justifying relief, with the interest in the finality of judgments.  See In re Fine Paper Antitrust Litig., 840 F.2d at 194-95; Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977).

Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).

In addition, motions for reconsideration are not intended to rehash, reargue, re-litigate, or recast matters which have been raised and disposed of by the court. See Chaney v. Grigg, 2013 WL 5310207 at *3. Nor are they intended to address new arguments that could have been previously raised. Id. "'As a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake ... or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.' In re Shannopin Mining Co., No. 96–2185, 2002 WL 31002883, at *25 (W.D. Pa. July 15, 2002) (citing Cashner v. Freedom Stores, Inc., 98 F3d 572, 576 (10th Cir. 1996))." In re Gay, No. 1:14-AP-00138-MDF, 2015 WL 6437375, at *1 (Bankr. M.D. Pa. Oct. 20, 2015).

As discussed below, the Motion for Reconsideration filed by the Plaintiffs does not meet the heavy burden of satisfying any of the foregoing factors for reconsideration, collectively herein referred to as the "Reconsideration Test."

Similar to the Plaintiffs' previously filed papers, the Motion for Reconsideration lacks pinpoint citations to the Record. The Motion for Reconsideration raises no relevant errors of fact; nor does it cite to any factual arguments that the Court did not consider in rendering its decision.

Indeed, as acknowledged by the Plaintiffs, there has been no intervening change in the law.[4]   Moreover, there are no allegations of fraud that were not sufficiently and appropriately addressed in the Court's Memorandum Opinion.

In spite of saying that there was "no new evidence,"[5]  the Motion for Reconsideration does assert that the Plaintiffs found, post-Argument, a "physically endorsed note."  As discussed below, this too does not meet the Reconsideration Test.

Finally, as to the allegations of "mistake, inadvertence, or neglect" averred in the Motion for Reconsideration, each alleged instance of the same was caused by Plaintiffs' counsel[6] in the course of counsel's deliberate litigation choices—not excusable litigation mistakes that would entitle the Plaintiffs to another bite of the proverbial apple.  Finally, the Court finds no clear error of law, no manifestation of injustice to the Plaintiffs, nor any other reason to grant the Plaintiffs' Motion for Reconsideration.

---

[4] Motion for Reconsideration, p. 3:  "In the present case, the Parties agree that the Motion does not allege any change of law or newly-discovered evidence . . . ."

[5] Id.

[6] See, e.g., Motion for Reconsideration, p. 8 (". . . due to a mistake on Plaintiffs' attorneys part . . . ."); p. 17 (". . . Deeters should not be punished because their attorney told them to hold back evidence . . . .").

## A. The Memorandum Opinion Contains No Findings Based Upon Excusable Litigation Mistakes, Nor Does It Contain a Clear Error of Law or Error of Fact

In support of their Motion for Reconsideration, the Plaintiffs wrongly argue that the Court failed to consider that "Plaintiffs [sic][Wells Fargo] were [sic][was] attempting to modify a Note and ***Mortgage date 5/16/01. Deeters Note and Mortgage are dated 5/11/01.***"[7]   To the contrary, the primary focus of the Memorandum Opinion was the Plaintiffs' arguments addressing the alleged "5/11/2001 vs. the 5/16/2001" loans.   See Memorandum Opinion, pp. 4-6, 14-19.

Similarly, the Plaintiffs argue:

> [T]he Order [Memorandum Opinion] stated Plaintiffs position to be "(c) fraud induced the Plaintiffs to sign the Note and Mortgage with neither knowledge nor reasonable opportunity to learn of its character or essential terms." This view is wholly incorrect and was clarified on Plaintiffs Amended Motion for Summary Judgment.

Motion for Reconsideration, p. 7.   The above-quoted phrase comes from Memorandum Opinion, p. 6, where this Court wrote:

> Here, the Wells Fargo Claim alleges facts sufficient to support the legal liability asserted and Wells Fargo's initial obligation to go forward is satisfied, i.e., the Wells Fargo Claim itself makes out a prima facie case.   Therefore, for the Court to grant the Wells Fargo Motion, the record must show that the Plaintiffs failed to produce material factual evidence from which a reasonable person would conclude: . . . or (c) fraud induced the Plaintiffs to sign the Note and Mortgage with neither knowledge nor reasonable opportunity to learn of its character or its essential terms.

---

[7] Motion for Reconsideration, p. 6 (bold in original).

Clearly, the Court was addressing what the Plaintiffs needed to prove to overcome Wells Fargo's Motion for Summary Judgment; the Court was not providing a recitation of the Plaintiffs' argument.

Again, the Plaintiffs complain that the Court got it wrong, as the Plaintiffs were not alleging that fraud induced the Plaintiffs to sign the Note and Mortgage:

> And on the [Plaintiffs'] Memorandum filed on March 20, 2017 at docket No. 76, the Plaintiffs on the top of Page 8 again make clear that "the claim for Recoupment emanates from the origination of unauthorized loans by various entities, including the Defendant Wells Fargo...."
>
> The Court pointed out that "Courts find fraud in the factum only in rare cases such as those involving forgery." The Plaintiffs, **in making their claim for <u>recoupment</u>**, are alleging exactly that!!  The **fraudulent loans** provide a basis for the Recoupment claim.  This is a clear error of law and of fact and further constitutes abuse of discretion.

Motion for Reconsideration, p. 16.   However, this Court concluded that the Plaintiffs failed to present evidence sufficient to permit a reasonable jury to return a verdict in Plaintiffs' favor, i.e., for a jury to find there were fraudulent loans, multiple notes, or multiple mortgages. <u>See</u> Memorandum Opinion, pp. 16-20.

The Plaintiffs' arguments with respect to errors of law and errors of fact, are repetitive and erroneous, and there is no need for this Court to rehash them here.

As one Court observed:

In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003). A motion for reconsideration is "appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled." Ray v. Ganoe, Civ. Action No. 15-343, 2015 WL 8680582, at *5 (M.D. Pa. Nov. 10, 2015), report and recommendation adopted, Civ. Action No. 15-343, 2015 WL 8536881 (M.D. Pa. Dec. 11, 2015). . . .

According to the Third Circuit Court of Appeals, "clear error [exists] if 'after reviewing the evidence, [the court is] left with a definite and firm conviction that a mistake has been committed.' " Norristown Area Sch. Dist. v. F.C., 636 Fed. Appx. 857, 861 n. 8 (3d Cir. 2016) (quoting Oberti v. Bd. of Educ., 995 F.2d 1204, 1220 (3d Cir. 1993)).

Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC, No. CV 15-50, 2017 WL 2985432, at *4-5 (W.D. Pa. July 13, 2017). Having reviewed the alleged errors, the Court does not find that a mistake had been made by this Court in issuing its Memorandum Opinion[8] or the related orders granting and denying summary judgment.

---

[8] The Plaintiffs point out that the Court incorrectly identified the lender of a prior mortgage, which was paid-off by the granting of the mortgage that is the subject of the litigation. Motion for Reconsideration, p. 4. In spite of complaining about the misidentification, the Motion for Reconsideration fails to point the Court to the correct information in the Record. Nonetheless, after spending additional hours looking at the Record, the Court located a document indicating that CIT Bank, not North American Mortgage, was the mortgagee of the prior mortgage. See ECF No. 57-1, A, ¶1. The fact of which lender was the prior mortgagee is not relevant to the litigation before the Court, as the issue here is the enforceability of a subsequent mortgage, the May 11, 2001 Mortgage, granted by the Plaintiffs in favor of North American Mortgage, which was ultimately assigned to the Defendant, Wells Fargo Bank, N.A. This misstatement in the Memorandum Opinion regarding the mortgagee of a prior mortgage does not meet the Reconsideration Test, and is harmless.

**B.    The Court Committed No Error with Respect to the Réaux Affidavits or the Réaux Expert Report**

While the Motion for Reconsideration is at best difficult to follow, and at worst incoherent, the Motion appears to complain that the Court failed to consider either the Réaux Expert Report or the previously submitted Réaux Affidavits.  This argument is nonsensical.

As is addressed in the Memorandum Opinion, the Court carefully considered the two Réaux Affidavits that were submitted prior to Argument. See Memorandum Opinion, pp. 11-14.  During Argument, the Court specifically asked Plaintiffs' counsel several times if she was offering Ms. Réaux as an expert witness.  For example, the following exchange occurred at Argument:

> THE COURT: So you're offering her [Ms. Réaux] as an expert witness?
>
> MS. WHEELER: No, I'm offering her as a fact witness –
>
> …

See Tr. 23:1-4.  This exchange further occurred at Argument:

> THE COURT: So you're offering her as an expert witness.
>
> MS. WHEELER: I -- if you want me to, I will.
>
> THE COURT: Oh no, I'm not telling you --
>
> MS. WHEELER: Well –
>
> THE COURT: -- what to do or what not to do.  I'm trying to understand the person whom you've asked to submit an affidavit. Are they fact witnesses? You say that they're a fact witness because they read a document.

11

MS. WHEELER: She examined a document. She went through and compared them with other documents. These documents tell a story, and they tell a story that's not favorable to the defendants.  And we can -- we could submit her as an expert if that's what we need to do to get her to testify.

MR. SIZEMORE: Your Honor --

MS. WHEELER: We can do that.

MR. SIZEMORE: -- during Ms. Reaux's deposition she admitted that she is not an expert in mortgage loan servicing.

THE COURT:  All right.  Anything else, Ms. Wheeler?

MS. WHEELER: No. Thank you.

See Tr. 23:21-25; 24:1-16.

Notwithstanding this colloquy, the Motion for Reconsideration states: "[T]here seems to be some confusion as to what kind of a witness Réaux was purporting to be. . . ."  The Plaintiffs then state that the Réaux Expert Report was not previously submitted to the Court—"a mistake on the Plaintiffs' attorney's part"—and had it been submitted—"the confusion regarding Réaux status would have been averted."    Motion for Reconsideration, p. 8.

Clearly, the Court was not confused, as the Réaux Expert Report was not submitted prior to the issuance of the Memorandum Opinion, nor was Ms. Réaux proffered as an expert witness.  In fact, Plaintiffs' counsel made a clear decision prior to and during the Argument not to offer Ms. Réaux as an expert witness, but merely waffled—suggesting that the Court determine exactly how the Plaintiffs should construe Ms. Reaux's status as a witness.

12

Of course, the Court does not serve as counsel to the Plaintiffs as the Court

is neutral and it is counsel's role to be an advocate on behalf of her clients.

The Plaintiffs also assert that the Court committed an error of law for

not requiring a "Daubert hearing."[9]   Daubert challenges apply to expert

testimony.

> There is no talismanic formula that must be followed
> when considering a Daubert challenge to the admission of
> expert testimony.   Where the record contains submissions
> that provide the court with the ability to make a meaningful
> evidentiary determination, the court is not required to
> conduct a hearing before ruling on a Daubert challenge. Oddi
> v. Ford Motor Co., 234 F.3d 136, 153-54 (3d Cir. 2000). Such
> an approach "is consistent with Padillas v. Stork-Gamco,
> Inc., 186 F.3d 412, 418 (3d. Cir. 1999) and perfectly
> appropriate under Kumho Tire Co., Ltd. v. Carmichael, 526
> U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238
> (1999)." Id.  In other words, the trial court enjoys wide
> latitude in deciding how to test and evaluate an expert's
> qualifications, reliability and the fit of the expert's conclusions
> in fulfilling its gatekeeping functions. Id. at 154.

Compagine Des Bauzites de Guinee v. Three Rivers Inc. Co., 2008 WL

828035, at *12 (W.D. Pa. March 26, 2008).

As for Ms. Réaux's status as a "fact" witness, the Court adequately

reviewed her Affidavits and the applicable law.  See Memorandum Opinion

at pp. 11-14.  The Court therein concluded:  "Ms. Reaux lacks any personal

knowledge of the truth of the content of the documents attached to the

*Reaux Affidavits*, and she admittedly has no experience in the lending

---

[9] Motion for Reconsideration, at p. 11.

and/or loan servicing industry.  As such, her lay witness opinion testimony is not rationally based on any first-hand experience and knowledge or perception and is therefore not admissible." Id. at 13-14.

Confusion on the part of the Plaintiffs' counsel, whether it be on the standard for qualifying witnesses, or making choices about what to offer as exhibits, does not meet the burden necessary to pass muster under the Reconsideration Test.

### C.    The 14 Exhibits Attached to the Motion for Reconsideration Do Not Merit Vacating this Court's Order Granting Wells Fargo's Motion for Summary Judgment

The Plaintiffs' previous filings consisted largely of a data dump, and there were few pinpoint citations to the hundreds of filed pages. Confounded and frustrated by the filings, the Court, in its opening remarks at Argument, reminded counsel that: "Judges are not like pigs, hunting for truffles buried in the record."[10]  During the Argument, Plaintiffs' counsel was unable to provide clarification regarding the documents allegedly supporting the Plaintiffs' arguments.  Following the Argument, the Plaintiffs made four additional fillings, without leave of court, that totaled more than 150 pages, again mostly without pinpoint references.  Nonetheless, the Court did rummage through the Record, as is clear from the detailed Memorandum Opinion.

---

[10] Tr. 4:8-9.  Albrechtsen v. Bd. of Regents of the Univ. of Wis. Sys., 309 F. 3d 433, 436 (7th Cir. 2002) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).

Much to the chagrin of this Court, the Plaintiffs' counsel now files fourteen (14) Exhibits (ECF No. 84-2, consisting of 64 pages, hereafter the "14 Exhibits"), without any reference to where they appear in the Record, other than to say they are somewhere:

> (Documents attached to this filing were previously attached either [sic] Plaintiff Counsel filings or exhibits to the *Reaux Affidavit.* They have been attached hereto and incorporated herein to ensure the Court does not have to root for the previously attached documents)[sic]

Motion for Reconsideration, p. 16.

The Court observes that there were two, not one, previously filed Reaux Affidavits, ECF Nos. 52-3 and 64, and "Plaintiff Counsel filings" total in the thousands of pages. In spite of the direct representation that the 14 Exhibits were "previously filed," the Réaux Expert Report, which is found at Exhibit 8 of the 14 Exhibits, was admittedly "not [previously] submitted to the Court due to a mistake of the Plaintiffs' attorney's part . . . ." Motion for Reconsideration, p. 8.

While the Court has looked at these 14 Exhibits, the Court is not prepared to either accept Plaintiffs' counsel's representation that they are in the Record somewhere, or rely on them to grant the Plaintiffs' Motion for Reconsideration. In fact, none of the 14 Exhibits are represented to be "new evidence" of any sort, with the exception of the Réaux Expert Report which is disposed of above.

15

### D. The Location of a "Physically Endorsed Note" Does Not Warrant Reconsideration

The Motion for Reconsideration states: "The Court states that 'Plaintiffs do not dispute that Wells Fargo has possession of the Note.' This is not true." Motion for Reconsideration, p. 17. The Court is confounded by this statement because the Court was correct that—prior to the filing of the Motion for Reconsideration—the Plaintiffs had not disputed whether Wells Fargo had possession of the May 11, 2001 Note. The Plaintiffs' actually admit as much in the Motion for Reconsideration:

> Notwithstanding the evidence attached, in the time since the June 30, 2017 status conference, the Deeters have found the physical endorsed note sent to the Deeters by Fannie Mae. That note has a real, wet-ink stamp on the back of it indicating a blank indorsement with Liz Papke's name on it as a representative of North American Mortgage Company. Until recently, Deeters knew this document existed, but their attorney refused to speak about its existence until the Deeters physically located the document so it could be admissible as evidence. Now that the Deeters have located the Note, they can testify to it in Court. The fact that the Deeters are in possession of a Note with an actual stamp on it – a blank indorsement – not just a *copy* of an indorsed Note, frankly, that makes *them* the holders of the Note! The Deeters should not be punished because their attorney told them to hold back on evidence until they could locate it. They have now located it and to prevent a manifest injustice, the Court should vacate the summary judgment and consider the new evidence.

Motion for Reconsideration, p. 17.

The Court understands this passage to mean that the Plaintiffs are now claiming they have possession of an original note, possibly the May 11,

16

2001 Note, although not even this is clear from the passage as no dates or amounts, or a copy of the document they now claim to possess, were provided in the Motion for Reconsideration.   Because the Plaintiffs knew the document[11] existed prior to Argument, they could have previously raised the now-alleged lack of possession by Wells Fargo of the May 11, 2001 Note, which is the Note Wells Fargo seeks to enforce. They could have also served discovery on Wells Fargo requesting that Wells Fargo produce the original May 11, 2001 Note.   There is no evidence referenced in the Record that the Plaintiffs requested such production.   Most importantly, Plaintiffs did not challenge Wells Fargo's claim that Wells Fargo had possession of the May 11, 2001 Note at any time until after the Court granted summary judgment in favor of Wells Fargo.[12]

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp. 656, 665 (N.D.Ill. 1983).   Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.   DeLong Corp. v. Raymond Int'l Inc., 622 F.2d 1135, 1139–40 (3d Cir. 1980)." Harsco Corp. v. Zlotnicki,

---

[11] The Court is not certain what "note" or "document" the Plaintiffs are referring to in the above-quoted paragraph from their Motion for Reconsideration, as they do not attach a copy, or otherwise refer to a date or amount.   They appear to use the word "note," "document," and "Note" interchangeably in the above-quoted paragraph – without definition.

[12] See, e.g., Jones Affidavit, ECF No. 58-18 at ¶13: "On or about the time that Wells Fargo began servicing the Loan, Wells Fargo received the Note and Mortgage from its predecessor servicer."

779 F.2d 906, 909 (3d Cir. 1985).  More recently, in <u>Hernandez v. United States</u>, 608 F. App'x 105 (3d Cir. 2015), the Court of Appeals for the Third Circuit again addressed this issue.  In <u>Hernandez</u>, the Third Circuit held:

> [Movant] asserted that he was entitled to reconsideration because he had "supplemental evidence"; he also filed a document entitled "affidavit in support," as well as exhibits. However, a litigant may not submit that evidence in support of a motion for reconsideration unless that evidence is newly discovered.  <u>Id</u>.  His "affidavit" (although dated in December) and other evidence did not constitute new evidence; all that he submitted (other than copies of decisions in his case) was information that was available at the summary judgment stage.  Because [Movant] did not put before the District Court material new evidence that could not have been discovered earlier with reasonable diligence, he was not entitled to reopening under Rule 60(b), either.  <u>See Compass Tech., Inc. v. Tseng Labs., Inc.,</u> 71 F.3d 1125, 1130 (3d Cir. 1995).

<u>Hernandez v. United States</u>, 608 F. App'x 105, 109.

Because the Plaintiffs assert that they knew the "document existed" before the Argument, and did not dispute that Wells Fargo had possession of the original May 11, 2001 Note, they are not entitled to reconsideration.

### E.   Plaintiffs Fail to Establish Reconsideration is Necessary to Prevent Manifest Injustice

For the same reasons outlined above, the Plaintiffs fail to show that reconsideration is needed to avoid manifest injustice.

> Manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it."  <u>Rose v. Alternative Ins. Works, LLC</u>, Civ. Action No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007).  Manifest injustice has also been held to occur where there is " 'an error in the trial court that is direct, obvious, and observable.' "  <u>Greene v. Virgin Islands Water & Power Auth.,</u>

Civ. Action No. 06-11, 2012 WL 4755061, at *2 (D.V.I. Oct. 5,
2012) (quoting <u>Tenn. Prot. & Advocacy, Inc. v. Wells</u>, 371 F.3d
342, 348 (6th Cir. 2004)). [].

Manifest injustice is a high burden for any party to
meet.  <u>Conway v. A.I. duPont Hosp. for Children</u>, Civ. Action
No. 04-4862, 2009 WL 1492178, at *6 (E.D. Pa. May 26, 2009)
(quoting <u>Curry v. Eaton Corp.</u>, Civ. Action No. 07–5, 2008 U.S.
Dist. LEXIS 48551, at *43, 2008 WL 2559249 (W.D. Ky. June
24, 2008)) (purporting that manifest injustice "implies that the
Court must be faced with a [record] so patently unfair and
tainted that the error is manifestly clear to all who view the
record"); <u>Shirlington Limousine & Transp., Inc. v. United
States</u>, 78 Fed. Cl. 27, 31 (2007) (quoting <u>Pac. Gas & Elec. Co.
v. United States</u>, 74 Fed. Cl. 779, 785 (2006)) ("[w]here
reconsideration is sought due to manifest injustice, the
moving party can only prevail if it demonstrates that the
injustice from the case is 'apparent to the point of being
indisputable' ").  In applying such a demanding standard,
courts have consistently used a scrutinizing hand.[]

<u>Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC</u>, No. CV
15-50, 2017 WL 2985432, at *6 (W.D. Pa. July 13, 2017)(internal footnotes
omitted).

The Motion for Reconsideration seeks to reverse this Court's rulings
based on a change of the Plaintiffs' unsuccessful litigation strategy—which
is to now offer evidence that the Defendant does not have possession of the
May 11, 2001 Note[13] and to offer the Réaux Expert Report.  For the reasons
stated above, this Court does not find the Record "so patently unfair and

---

[13] While Plaintiffs do not articulate what note they now claim to have possession of, the
only note that is of consequence here is the May 11, 2001 Note, a copy of which is attached
to the Wells Fargo Proof of Claim filed in this Case.

tainted that the error is manifestly clear to all who view the record." Id.;

see also Dougherty v. Snyder, 621 F. App'x 715 (3d Cir. 2015).

## III.

By their Motion for Reconsideration, the Plaintiffs seek to rehash, reargue, re-litigate, or recast matters previously disposed of by the Court. As a motion for reconsideration is an extraordinary remedy to be granted only sparingly, a movant bears a heavy burden in showing entitlement to relief. The Court finds that it committed no error of law or fact. The Court does not find any manifest injustice in the granting of summary judgment in favor of Wells Fargo Bank, N.A. The Plaintiffs' Motion for Reconsideration fails to meet the heavy burden imposed by the Reconsideration Test. An Order denying the Motion for Reconsideration shall be contemporaneously entered herewith.

**Date:** October 27, 2017                    /s/ Jeffery A. Deller
                                              **JEFFERY A. DELLER**
                                              Chief U.S. Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**

Mary Wheeler, Esq.
Luke Sizemore, Esq.